## WEST et al. vs. CAROLINA LIFE INS. CO.

1. EVIDENCE: *Variance, etc.*

   In an action by a corporation on a bond, it was alleged in the complaint that the name of the corporation had been changed since the execution of the instrument: Held, that under the allegations the bond was admissible in evidence.

2. ————: *Finding of the court not disturbed on weight of evidence.*

   The finding of a court sitting as a jury will not, where there is a mere conflict of evidence, be disturbed any more than the verdict of a jury would be under similar circumstances.

3. ACCORD AND SATISFACTION:

   An answer, in bar of an action of debt on a bond, that the defendant effected a policy of insurance on his life, which was held by the agent of the plaintiff as security for the debt, presents no defense, and is demurrable.

4. CORPORATION: *Forfeiture of franchise, plea of, etc.*

   An answer to an action by a corporation, that it had forfeited its charter by *non user*, without averring that a forfeiture had been declared by judicial proceedings for that purpose, is demurrable.

APPEAL from *Phillips* Circuit Court.

J. N. CYPERT, Circuit Judge.

*Adams*, for appellant.

*Palmer*, contra.

HARRISON, J.:

This was a suit by the Carolina Life Insurance Company, of Memphis, a corporation chartered by the Legislature of Tennessee, and having its domicil in that State, against George West and Richard H. Hargraves, on a bond executed by said West, as principal, and said Hargraves, as his surety, in the penal sum of $2,000, conditioned for the faithful discharge of his duties by West, who had been appointed a local agent of the company, and especially that he should account for and pay over all moneys of the company that should come to his hands. The breach of the condition alleged was, that he had failed to pay over $1,289.52, received as premiums on the company's policies.

The bond, which was executed on the 9th of August, 1869, was made to the plaintiff by its then name of the Carolina Insurance Company of Memphis. On the 12th of November, 1867, the Legislature of Tennessee passed an act changing the name to that of the Carolina Life Insurance Company of Memphis. The suit was commenced in the former name, but the mistake was corrected after the defendants had appeared and filed an answer, by an amended complaint, in the plaintiff's proper name, and in which such change of name was averred and shown.

The answer to the original complaint admitted the execution of the bond, and the receipt of the moneys by West, but claimed that the same had been paid, and the liability discharged. The defense was set forth in two paragraphs, the first of which was as follows:

"The defendants deny that they owe to the plaintiffs the sum demanded, to-wit: the sum of $1,289.52, but on the contrary thereof, they charge the fact to be, that the said George West, on the 14th day of August, 1869, paid to one L. C. Trezevant, of the firm of J. T. Trezevant, jr., & Bro., State agents of the Carolina Insurance Company, the sum of $200, and he arranged and paid the balance of said amount on the 16th day of July, 1869, in the following manner, to-wit: It was proposed that he, the said George West, should submit to an examination by the medical examiner of said Carolina Insurance Company, with the view of making an application to said company for an insurance upon his life, to secure said debt; that he did submit to said medical examination, and the same was satisfactory, and an application was made for, and a policy of insurance upon the life of him, the said West, for an amount amply sufficient to cover said indebtedness was issued by said company, and is now held by said J. T. Trezevant, Jr., & Bro., as ultimate security for said debt."

The second paragraph was to the effect that the said J. T. Trezevant, Jr., & Bro., the State agents of the plaintiff, had paid the arrearages to the plaintiff, and for their indemnity had taken from them a policy of insurance on the life of West.

After the filing of the amended complaint, the defendants filed a further answer, in which they pleaded: *First*—That the plaintiff had forfeited its charter and franchises by *non user*. *Second* —That there was no such corporation as the plaintiff; and, *Third*—That it had, since the commencement of the suit, assigned and transferred all its business, assets, rights, credits, effects and choses in action, including that sued on, to the Southern Life Insurance Company.

The plaintiff demurred to the first paragraph of the original, and to the first, also, of the supplemental or amended answer, and both demurrers were sustained.

The cause was submitted to the court as a jury, which found for the plaintiff, and assessed its damages at $1,089.52.

Motions for a new trial, and in arrest of judgment, were filed in their order, by the defendants, and overruled. The defendants appealed.

The grounds of the motion for a new trial were: *First*—That the court admitted incompetent evidence for the plaintiff. *Second*—That its finding was contrary to the law and the evidence.

The defendants objected to the reading of the bond sued on as evidence. The ground of their objection is not disclosed by their bill of exceptions, but it is insisted here that it should have been excluded for irrelevancy. The bond was the foundation of the action; it was averred in the complaint to have been made to the plaintiff; and also that the plaintiff's name, after its execution, had been changed by the Legislature of Tennessee to that by which it sues. It was, therefore, most clearly relevant and competent evidence.

The deposition of B. F. Boyle was also objected to, and it seems for the same reason.

The plaintiff, by this witness, who was the secretary of the Company, proved the state of West's account, and the amount of his arrearages. The objection of irrelevancy to this evidence has no other foundation than the assumed want of identity of the plaintiff with the corporation to which the bond was given, which, as we have just seen, is wholly untenable.

The corporate existence of the plaintiff, and its capacity to sue, were conclusively proven by the production of the acts of the legislature of Tennessee, incorporating it, and afterwards changing its name. Other evidence on the part of the plaintiff, conduced to show that no part of the sum claimed, except $200 paid to J. T. Trezevant, Jr., & Bro., the general agents of the plaintiff, had been paid ; and the only evidence offered by the defendants was that of Hargraves, who testified that ——— Trezevant, of the firm of J. T. Trezevant, Jr., & Bro., came to see him several times about West being in arrears to the company, and he told him they had paid the company the amount, and they thought it very hard they should lose it.

The evidence, if true, fully sustained the finding of the court; and as it is the province of the jury to determine questions of fact, the finding of the court, sitting as a jury, will not, where there is a mere conflict of evidence, be disturbed, any more than the verdict of the jury would be under similar circumstances.

No cause therefore was assigned in the motion in arrest of judgment, and we need only consider the questions presented by the demurrers.

It was not shown in the first paragraph of the original answer at whose instance the insurance on West's life was obtained, or that it was accepted in satisfaction of the debt ; but, on the contrary, it appears that it was only intended as a security. Effecting

an insurance on West's life, as an indemnity, had no semblance of an accord and satisfaction of the debt, if such was intended to be pleaded, and we cannot conceive what else was intended. There cannot be an accord and satisfaction without the delivery or acceptance of something in satisfaction of the debt or damages demanded. 2 Green. Ev., sec. 28 ; *Ballard* v. *Noaks*, 2 Ark., 45 ; *Levy* v. *Very*, 12 Ark., 148.

The plea or defense that the plaintiff had forfeited its charter and franchises by *non user*, without an averment or showing that a forfeiture thereof had been declared by a judicial proceeding for that purpose, was manifestly bad, and the demurrer to it properly sustained.

The judgment is affirmed.