## BARNES *v.* BRADLEY.

Opinion delivered April 23, 1892.

1. *Remedies of creditor holding collateral security.*

　Where a creditor holds the note of a third person as collateral security for the payment of his claim, he has the right to prosecute both claims to judgment and collect what is due him upon either, though he can have but one satisfaction of his demand.

2. *Payment—Burden of proof on debtor.*

　Where collateral security has been given for the payment of a debt sued upon, it is incumbent on the debtor, if he relies on that defense, to allege and prove that the debt has been paid, whether by collection of the collateral security or otherwise.

Appeal from Garland Circuit Court.

JAMES B. WOOD, Judge.

*John M. Harrell* for appellant.

The court erred in compelling the defendants to take the affirmative and make out their case first, and in admitting the satisfied note in evidence. Plaintiff should have been required to show that the collateral notes had not been collected. The burden was on him. Plaintiff is estopped by his laches. 75 Am. Dec. 115, and note ; 88 N. Y. 339.

*G. W. Murphy* for appellee.

Under the plea of payment, the burden was on defendants. 32 Ark. 593 ; 16 *id.* 651 ; Hempstead, 184. The taking of notes, checks, etc., is not payment, unless it is so agreed. 48 Ark. 267 ; *id.* 49, 58. The testimony shows the notes were taken merely as collateral.

COCKRILL, C. J. The appellant's answer to a suit against him upon a note which he had executed was that

the appellee had accepted from him notes of a third person in satisfaction of the one in suit. The court acting in place of a jury found, in effect, upon ample testimony, that the notes of the third person were held as collateral security for the note declared on.

1. Remedies of holder of collateral security.    The proof tended to show that the appellee had obtained judgment on the notes which he held as collateral security against the maker thereof. Conceding that the fact is established, it would not debar the creditor from prosecuting to judgment his demand against the principal debtor. It was his right to prosecute both claims to judgment and collect what is due him upon either, though he could have but one satisfaction of his demand. Schouler's Bailments, sec. 246 ; *West* v. *Carolina Life Ins. Co.*, 31 Ark. 476.

2. Burden of proof as to payment on debtor.    The appellant contends however that the plaintiff should have been required to show that he had collected nothing on the collateral security before he could have judgment upon the principal debt. But the burden of proving payment of the debt, whether by collection of the collateral security or otherwise, rested upon the defendant. Wood's Byles on Bills and Notes, 387-8. It was incumbent upon him both to allege and prove that defense if he desired to make it. *Plant's Mfg. Co.* v. *Falvey*, 20 Wis. 200. He did neither in this case, but relied upon an accord and satisfaction and failed.

Under pleadings properly presenting the issue, the defendant might have cast upon the plaintiff the burden of accounting for or of producing the collateral security unsatisfied, by proving a demand to that effect accompanied by a tender of the amount due ; and, upon his failure to properly account, the value of the security should have been deducted from his demand. A like state of proof would be cause for granting an injunction to stay proceedings after the case has gone to judgment. *Aldrich* v. *Cooper*, 2 Lead. Cas. Eq. (pt. 1) 228, 312 ;

*Stuart* v. *Bigler's Assignees*, 98 Pa. St. 80 and cases cited ; Jones, Pledges, secs. 595-6.   But no such case is presented by the record.  ·

Finding no error, the judgment is affirmed.