PLUNKETT *v.* STATE NATIONAL BANK.

Opinion delivered March 29, 1909.

1. PLEADING—DEMURRER—ABANDONMENT.—A plaintiff will be held to have abandoned its demurrer to defendant's answer by failing to call for a ruling of the court thereon and by asking for a judgment on the merits of the case. (Page 87.)

2. JUDGMENTS—MOTION TO SET ASIDE DEFAULT—DEFENSE.—Though it was error to render judgment against the defendants in their absence, a motion to set aside such judgment was properly denied if no valid defense was alleged. (Page 87.)

3. PLEDGE—REMEDIES OF HOLDER.—Where the payee of a note holds other notes as collateral security for its payment, he may sue the maker of the note without enforcing the collateral, or he may pursue both remedies at the same time, though there can be but one satisfaction of the demand. (Page 88.)

4. SUBROGATION—COLLATERAL SECURITY.—Where plaintiff holds collateral security for the payment of its claim against defendants, the latter could not demand the right of subrogation to such security without having first paid the whole of plaintiff's debt, nor compel plaintiff to enforce the collection of such security. (Page 88.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Carmichael, Brooks & Powers,* for appellants.

1. Where the answer in a case at law sets up an equitable defense and asks relief, the case should be transferred. 85 Ark. 208; 36 Ark. 228; 44 Ark. 458; 52 Ark. 411; 49 Ark. 20; 51 Ark. 198; *Id.* 235; 56 Ark. 392; 71 Ark. 222; 71 Ark. 484.

2. When an answer has been filed to which the plaintiff interposes a demurrer, a judgment rendered before the demurrer is disposed of or withdrawn is premature unless the answer sets up no defense.

*B. S. & J. V. Johnson,* for appellee.

1. The answer sets up no valid defense, and the judgment should be affirmed. 30 Ark. 686; 65 Ark. 204; 48 Ark. 454; 65 Ark. 547; 89 Ark. 132; 1 Daniel on Neg. Inst. 59; 5 Duer (N. Y.) 207; 122 Mass. 67; 148 Pa. St. 248; 80 Ark. 217; 10 Paige, 595; 42 N. J. Eq. 289; 78 N. Y. 414.

2. The demurrer was waived. 89 Ark. 122; 27 Ark. 235. The judgment was rendered on the day the case was set for

hearing in the calendar, of which appellants had knowledge, and was not premature.

McCULLOCH, C. J. The plaintiff (appellee) instituted this action against defendants, Plunkett and others, to recover the amount of two negotiable promissory notes, each for $830, executed by the latter to the plaintiff. The defendants filed their answer, stating in substance that the consideration for said notes passed to the Peoples' Fire Insurance Company; that they executed the notes for the accommodation of said company, and not for their own benefit, and that these facts were known to the plaintiff; that the notes were executed as renewals of certain notes which were signed by said insurance company, and that at that time the company deposited with plaintiff as collateral security certain notes which plaintiff still holds, and which, if collected, would satisfy the debt of plaintiff; that the said insurance company is now in the hands of a receiver appointed by the chancery court of Pulaski County. They prayed that the cause be transferred to the chancery court, where the receivership case is pending, and that they be subrogated to the rights of the plaintiff and said insurance company as to the collateral notes held by plaintiff. The plaintiff filed a demurrer to this answer, but on a later day of the term, without passing on the demurrer, and in the absence of the defendants and their attorneys, the court rendered judgment in favor of plaintiff for the full amount of the notes with interest. On a later day of the term the defendants appeared and filed a motion to set aside said judgment. The court overruled this motion, and the defendants have appealed to this court.

The plaintiff abandoned its demurrer by failing to call for a ruling of the court thereon and in asking for a judgment on the merits of the case. The court should not have rendered judgment absolute against the defendants in their absence, as they should have been given an opportunity to amend their answer if they desired to do so. However, in the motion to set aside the judgment, defendants set up no defense other than that stated in their answer; and the question recurs on the sufficiency of their answer. If the answer presented a valid defense, they were entitled to be heard on it, and judgment should not have been rendered in their absence. On the other

hand, if their answer was insufficient to tender a valid defense, and as no additional matter was set up in their motion by way of defense, there was no error either in rendering judgment in the first instance or in refusing to set it aside if no valid defense was tendered. We are of the opinion that the answer stated no defense to the action, and that the demurrer thereto should have been sustained.

Plaintiff had the right to prosecute its action against defendants without being compelled to pursue its remedies for the enforcement of the other notes held as collateral security. It had the right to pursue both remedies at the same time, though there could be but one satisfaction of the demand. *West* v. *Carolina Life Ins. Co.,* 31 Ark. 476; *Barnes* v. *Bradley,* 56 Ark. 105; *Neely* v. *Black,* 80 Ark. 212.

Defendants could not demand the right of subrogation without having first paid the whole of plaintiff's debt, and could not force the latter into a court of equity for the purpose of enforcing the collection of the collateral notes. *Jones* v. *Harris, ante* p. 51; 1 Brandt on Suretyship and Guaranty § 339.

As no valid defense was stated to the plaintiff's cause of action on the notes, the circuit court was right in rendering judgment thereon.

Affirmed.