## DAVENPORT *v.* DAVENPORT.

### Opinion delivered November 17, 1913.

ADMINISTRATION—AFFIDAVIT TO CLAIM—SUFFICIENCY.—Where appellant has a claim against an estate in the form of a note, the filing of a *verbatim* copy thereof with an affidavit attached is a sufficient and substantial compliance with Kirby's Digest, § 114, which provides that "the claimant shall append to his demand an affidavit of its justice."

Appeal from Marion Circuit Court; *George W. Reed,* Judge; reversed.

STATEMENT BY THE COURT.

The appellant held a claim in the form of a promissory note against the estate of which appellee is the administratrix. After appellee had refused to allow the note as a claim against the estate, appellant presented it to the probate court for allowance and classification, and, at the time of the presentation of the same, appellee appeared and filed a motion to dismiss it; but the motion was overruled and the claim was allowed and judgment was entered thereon, from which action the appellee appealed to the circuit court where the cause was submitted to and tried by the court upon a motion to dismiss and an

agreed statement of facts. The substance of the agreed statement is that the maker of the note died on February 12, 1910, and on the 21st day of October thereafter the appellant had a *verbatim* copy of the note, with a proper affidavit attached thereto, served on the administratrix, and at the time of this service the original note was exhibited. But no affidavit was ever attached to the original note.

The point in the case is indicated by the declarations of law which appellant asked, and which were refused, and the ones given by the court.

The declarations of law asked by the appellant were as follows: First, ''That the affidavit required by section 114, Kirby's Digest, does not have to be attached to the original note, but having been made before the commencement of the action, and filed with a *verbatim* copy of the original note will support the claim of plaintiff. Second. That a verbatim copy of a note with the affidavit attached and filed as a basis of the action is a sufficient and a substantial compliance with the statute and will support the action. The statute does not require that the original note with an affidavit attached to it shall be filed.''

The declarations of law made by the court were as follows:

''*First.* That the affidavit required by section 114, Kirby's Digest, must be attached to the original note and these filed as a basis of the action, and it is not a sufficient and substantial compliance with the statute to file a *verbatim* copy of the note with the proper affidavit attached thereto as a basis of the action.''

''*Second.* Although the affidavit was made before the commencement of the action herein and filed with a *verbatim* copy of the original note, and the original note filed and exhibited at the time of the presentation of the claim for allowance to the probate court, still there was not a substantial or a sufficient compliance with the statute and the plaintiff must suffer nonsuit.''

The question therefore is whether section 114 of

Kirby's Digest requires the verifying affidavit to be attached to the original note, and, if so, is an exact rather than a substantial compliance required.

*Gus Seawel,* for appellant.

The court erred in refusing to declare the law as requested by appellant. The law does not require the affidavit to be physically attached to the original note, but its attachment to a verified copy of the note is a substantial compliance with the law, and is sufficient. Kirby's Dig., § 114; 97 Ark. 296-299; 18 Cyc. 483 (B), and cases cited; 33 Ark. 658-662; 90 Ark. 340; 14 Ark. 234; 7 Ark. 78-84; 105 Ark. 95.

*S. W. Woods,* for appellee.

The court correctly declared the law. Appellant's demand was not verified or proved, as required by law. 7 Ark. 78; 14 Ark. 240; *Id.* 246; 30 Ark. 756; Kirby's Dig., § § 113, 114, 123, 124, 119.

The verification is imperative. 66 Ark. 327; 65 Ark. 1; 48 Ark. 360; *Id.* 304.

SMITH, J., (after stating the facts). Section 114 of Kirby's Digest is as follows:

"And the claimant shall also append to his demand an affidavit of its justice, which may be made by himself, or an agent, attorney, or other person. If made by the claimant, it shall state that nothing has been paid or delivered toward the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due. If made by any other person, it shall state that the affiant is acquainted with the facts sworn to, or that he has made diligent inquiry and examination, and that he verily believes nothing has been paid or delivered toward the satisfaction of the demand, except the amount credited thereon, and that the sum demanded is justly due."

This section should be read in connection with section 113, which reads as follows:

"Any person may exhibit his claim against any estate as follows: If the demand be founded on a judg-

ment, note or written contract, by delivering to the executor or administrator a copy of such instrument, with the assignment and credits thereon, if any, exhibiting the original, and if the demand be founded on an account, by delivering a copy thereof, setting forth each item distinctly and the credits thereon, if any.''

Section 119 relates also to the affidavit, and its provisions are as follows:

''If the affidavit required for authenticating claims against deceased persons be not produced in an action against an executor or administrator for a debt against the deceased, the court shall, on motion, enter a judgment of nonsuit against the plaintiff; and the affidavit must appear to have been made prior to the commencement of the action.''

It has been frequently decided by this court that ''in suits against estates, either by ordinary action or before the probate court, it is necessary to produce at the trial an affidavit of the justice of the claim and of its nonpayment, made before commencement of the action, or the claimant will be nonsuited. *Hayden* v. *Hayden,* 105 Ark. 97; *Ryan* v. *Lenon,* 7 Ark. 78; *State Bank* v. *Walker,* 14 Ark. 234.''

The essential thing, the jurisdictional requirement, is the making of the affidavit and a nonsuit must be suffered when it is not made within the proper time, and the statute prescribes its form. But it is held that a substantial compliance in the matter of the form of the affidavit is sufficient. *Hayden* v. *Hayden, supra; Eddy* v. *Lloyd,* 90 Ark. 340; *Wilkerson* v. *Eads,* 97 Ark. 296.

Here the proper affidavit was made and was attached to a *verbatim* copy of the note sued on, and the jurisdictional requirement was complied with. If it be said that a literal reading of the statute provides that the affidavit be physically attached to the note itself, which we do not decide, there has been a substantial compliance with it. This question was raised and decided in the case of *Wilkerson* v. *Eads,* 97 Ark. 296, where in a suit upon a note instituted in the chancery court the only affidavit

consisted in the verification of the complaint, but its language was such that the court held it to be a substantial compliance with section 114 of Kirby's Digest, although it was there expressly stated that the statute applied to actions according to the forms of the common law against estates of deceased persons, as well as to presentations in the probate court of claims against such estates. The law having been, at least, substantially complied with, the court below should not have dismissed the proceeding, and for its action in so doing the judgment is reversed and the court directed to hear the demand upon its merits.