Lewis v. Arnn.

Opinion delivered January 22, 1917.

Accord and satisfaction—accord without satisfaction.—An accord without satisfaction does not bar the original cause of action.

Appeal from Sharp Circuit Court, Southern District; *J. B. Baker*, Judge; reversed.

*S. M. Bone* and *McCaleb, Reeder & McCaleb*, for appellant.

1. The court erred in giving instruction No. 2. There was no evidence to support it. An accord with-

out satisfaction is not a bar. 78 Ark. 304; 88 *Id.*
473; 115 *Id.* 339.

*Bledsoe & Ashley,* for appellees.

1. Instruction No. 2 was not erroneous. There
was sufficient evidence on which to submit to the jury
the question of whether or not there had been a settle-
ment and an accord and satisfaction. 1 Corpus Juris.
567; 2 Ark. 226; 50 Oregon, 559; 4 J. J. Marsh (Ky.)
449; 110 N. Y. S. 391; 64 S. W. 746; 209 Pa. 368;
122 Ala. 269; 56 Me. 26; 7 Md. 259.

SMITH, J.  Appellant was the plaintiff below and
sued to recover judgment for the value of two cows
which appellees had bought from one Conyers. After
purchasing the cows appellees shipped them to St.
Louis, where they were sold.

Upon the trial in the court below it was insisted,
first, that the cattle belonged to Conyers and that he.
had the right to sell them. It was also insisted that
appellant and Conyers had adjusted their differences.
Conyers was arrested for the larceny of the cattle,
but that case was never tried. Conyers testified that
all differences between himself and appellant were
adjusted. That he made an affidavit that he would
give appellant notes for the agreed price of the cattle,
but he admits that the notes were never given to nor
accepted by appellant. Appellant admits that he
agreed to take three notes, of $100.00 each, payable one
each year, in satisfaction of his demand, and that Con-
yers agreed to execute notes therefor, but he testified
the notes were never executed.

Over appellant's objection the court charged the
jury as follows:

"No. 2. You are instructed that if you believe
from the evidence in this case that the plaintiff, J. J.
Lewis, had a settlement with Mordy Conyers after
the cattle in controversy were sold to the defendants,
in which it was agreed by and between the said Lewis
and Conyers that Conyers was to pay, or execute notes
to the said Lewis, the sum of three hundred dollars in

consideration of full settlement of all claims or demands held by plaintiff against him (Conyers) to that date, then your verdict should be for the defendant."

This appeal questions only the correctness of this instruction, and we think error was committed in giving it. The agreement to accept Conyers' notes was an accord; but there was no satisfaction, as the notes were never executed. An accord without satisfaction does not bar the original cause of action. *St. L. S. W. Ry. Co.* v. *Mitchell*, 115 Ark. 339, and cases there cited. *West* v. *Carolina Life Ins. Co.*, 31 Ark. 476.

For the error indicated the judgment is reversed and the cause remanded.