LEWIS *v.* ARNN.

Opinion delivered November 11, 1918.

1. APPEAL AND ERROR—SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT.—A verdict sustained by legally sufficient evidence will not be disturbed on appeal.

2. ACCORD AND SATISFACTION—VALIDITY.—Where the parties to an agreement for accord and satisfaction stipulated that defendant should execute to plaintiff a note and a chattel mortgage covering the crops on certain land for three years, which was executed and accepted, this constituted a valid satisfaction of the original claim, even though the mortgage was invalid as to the second and third crops.

3. EVIDENCE—ISSUES ON FORMER TRIAL.—Where there was a controversy as to what was the issue on a former trial herein, it was not proper to show what instructions were given, as that would be an indirect method of showing what the views of the court were on the former trial as to the state of the testimony.

Appeal from Sharp Circuit Court, Southern District; *J. B. Baker,* Judge; affirmed.

*S. M. Bone, David L. King* and *McCaleb & Reeder,* for appellant.

1. The evidence merely tends to show an accord without satisfaction. The notes and mortgage were never executed. The accord contemplated valid mortgages; this was not complied with. Kirby & Castle's Digest, § 6408. Hence there was no satisfaction.

2. The court erred in giving instruction No. 2. There was no evidence upon which to base it and it was pernicious as it authorized the jury to assume that an unrecorded mortgage on crops to be grown two years in the future would be good.

3. It was error to permit counsel to cross-examine Bray with reference to instruction No. 2.

4. It was error to refuse to permit Judge McCaleb to testify as to this instruction to the jury. 78 S. W. 266; 58 Atl. 746; 96 Ill. App. 313; Wigmore on Ev., § 1668.

5. No valid mortgage was ever executed and no satisfaction.

McCulloch, C. J. This is the second appearance of this case here on appeal, the plaintiff, as before, being the appellant, 127 Ark. 106. It is an action against appellees to recover judgment for the value of two cows claimed to be the property of appellant which appellees had bought from one Conyers.

In the last trial the only defense was that appellant had entered into an agreement with Conyers for a settlement of the claim for the value of the cows by the execution and delivery to appellant of three promissory notes for the sum of $100 each and a chattel mortgage to secure the payment of said notes, and that appellant had accepted said notes and security in satisfaction of his claim for the value of the cows. When the case was here before, we reversed the judgment on account of the error of the trial court in giving an instruction which told the jury, in substance, that an agreement between appellant and Conyers for the execution and delivery of the notes would constitute a defense to this action, even if the notes were never executed and delivered. In the second trial the court correctly instructed the jury that the agreement to execute the notes and mortgage would not constitute satisfaction of the original claim unless the notes and mortgage were in fact executed and delivered to and accepted by appellant.

There was a conflict in the testimony, that adduced by appellee tending to show that there was a complete settlement between the parties by the execution and delivery of the notes and mortgage, but the testimony of appellant was to the effect that, while there was an agreement for the execution of the notes and mortgage, neither were ever delivered. The written agreement for the accord specified that separate mortgages were to be executed from year to year, but Conyers testified that he executed one mortgage covering crops for three years, and that appellant accepted it as security for the three notes. If the statement of Conyers is true, the written agreement was modified by the acceptance of a single mortgage covering the crops for three years, instead of

three separate mortgages for the crops for the respective years. The testimony was sufficient to warrant a finding by the jury either way on that issue, and, as the evidence was legally sufficient, we do not feel at liberty to disturb the verdict.

It is next contended that there was no satisfaction of the original demand for the reason that the chattel mortgage covered unplanted crops for three years, which under the statutes of this State does not constitute a lien on the crops not to be grown within one year from the date of the execution of the mortgage. Kirby's Digest, § 5406.

The statute in question merely provides that a mortgage or deed of trust on an unplanted crop shall not be a valid lien unless the crop is to be planted within twelve months after the execution of the mortgage. The statute does not make it unlawful to execute such an instrument nor provide a penalty therefor, but merely makes the lien ineffectual. If, therefore, the parties to the new agreement saw fit to make the execution of such a mortgage a part of the satisfaction of the original claim, and the agreement was carried out in accordance with its terms, it would constitute a valid satisfaction of the original claim, even though the mortgage on crops to be planted the second and third years was not valid. The promissory notes and the mortgage securing the same were, according to the agreement, to constitute a satisfaction of the original claim, and such was the effect of it, even though the specified security in part proved to be ineffectual. Appellant agreed to accept that kind of security and is bound by the agreement when its terms were complied with and accepted.

There was a controversy in the trial below as to what appellant and Conyers had respectively testified in the former trial concerning the issue as to the execution and delivery of the notes and mortgage. Appellant introduced as a witness one of the attorneys in the former trial who testified that appellant and Conyers both stated at the former trial that the notes and mortgages were not de-

livered. This testimony was admitted without objection, but appellant wanted to go further and prove by this witness what certain instructions of the court were in order to show that the execution and delivery of the notes and mortgage was not an issue in the former trial, and that Conyers had not testified in the former trial that they were delivered. We think the court was correct in excluding this testimony, for it was merely an indirect way of attempting to show what the views of the court were on the former trial as to the state of the testimony. It was competent to prove what Conyers had testified at the former trial for the purpose of contradicting his testimony in the present trial, but it was not competent to introduce testimony tending to show what the trial judge thought about the evidence in the former trial.

We are of the opinion, therefore, that the case was properly tried, and that the evidence was sufficient to warrant the verdict. Affirmed.