DRIVER *v.* DRIVER.

4-5925                                      139 S. W. 2d 401

Opinion delivered April 29, 1940.

*James G. Coston* and *J. T. Coston,* for appellant.

*E. S. Driver* and *S. W. Polk,* for appellee.

HUMPHREYS, J.   On October 1, 1927, Abner Driver and M. E. Driver, his wife, executed to the Federal Land Bank of St. Louis a note for $16,000, payable in seventy-one semi-annual installments of $480 each, and an additional note of $744.86.   Said notes bore interest at the rate of 5% per annum, payable semi-annually and were secured by a mortgage executed by Abner Driver and M. E. Driver on 320 acres of land.   Soon after the execution of the note and mortgage Abner Driver died and Mrs. M. E. Driver paid the installments as they ma-

tured on the note and mortgage down to $12,669.90 prior to her death. She executed a will on the 20th day of December, 1937, and died on October 5, 1938. The will was filed for probate on the 2nd day of December, 1938.

Mrs. M. E. Driver made specific bequests of her real estate consisting of about 1,900 acres to her six children and two grandchildren and among the specific bequests she bequeathed the 320 acres of land upon which there was a mortgage to the Federal Land Bank of St. Louis without any mention of the mortgage to three of her children, Ida May Quinn, Cooper Driver and Ruth Florida. She also made specific bequests of certain of her personal property to said children and grandchildren.

The XXI'st clause of her will is as follows:

"Item XXI. Having made advances of money to certain of my children during my lifetime, which advances are evidenced by notes held by me and accounts set out in my ledger or account book it is my will and desire that said advances as so above described and evidenced, be and they are hereby made a specific charge against that part of the estate or bequest of the child or children so owing, and, that said advance shall become a part of my residual estate, subject to the payment of debts and be divided in accordance with Item XXII of this will."

The XXII'nd clause of her will is as follows:

"Item XXII. Subject to be used for the payment of debts and claims against my estate, I will, devise and bequeath all the rest of my estate, both money, chattels, choses and all estate, both real, personal and mixed, wherever situated, to my six children, namely: Walter Williamson Driver, Abner Driver, Cooper Driver, Virginia Driver Potter, Ida May Driver Quinn, and Ruth Driver Florida, share and share alike, subject to division by them, either by mutual consent or in a court of competent jurisdiction."

The first item or clause in her will is as follows:

"Item I. It is my desire that all of my just debts and funeral expenses be paid, and I hereby direct my

executors to pay said debts and funeral expenses as promptly as possible without sacrificing the interests of my estate.''

The will provided that the son of the testatrix, Abner Driver, and one of her daughters should be the executors of the will and Abner Driver qualified and acted as executor thereof.

At the instance of the three children, who are appellants herein, the Federal Land Bank of St. Louis presented its claim to the executor, Abner Driver, for the balance due on the mortgage which was disapproved and disallowed on the 10th day of June, 1939.

On September 18, 1939, the following action was taken by the chancellor on the claim presented by the Federal Land Bank of St. Louis for the balance due on its note and mortgage, to-wit:

In the Probate Court of Mississippi County, Arkansas, Osceola District

In the Matter of the Estate
of M. E. Driver, Deceased.

''This cause came on to be heard upon the claim of the Federal Land Bank of St. Louis, and the motion of Abner Driver, Executor, that the hearing on said claim and the determination of the amount, if any owing by said estate to the said claimant, be continued and postponed until the mortgage of the claimant on land securing the claim is foreclosed and the credit derived from such foreclosure is determined; and the court being of the opinion that said motion should be granted;

''It is, therefore, ordered by the court that the hearing on said claim and the determination of the amount thereof be postponed and continued until the credit to be derived from the foreclosure of said mortgage on said security is determined.

''Enter this September 18, 1939.

J. F. Gautney,
*Chancellor.*

O. K. John M. Rose, for F. L. B.
O. K. E. S. Driver & S. W. Polk, Sol. for Extr.''

Later a motion was filed by the appellants herein to modify the order by adding thereto the following words, "or until the further order of the court."

On the second day of December, 1939, appellants presented a claim to Abner Driver, executor of the will of Mrs. M. E. Driver, for $805.54 stating that they had paid the semi-annual installment due on the note and mortgage held by the Federal Land Bank of St. Louis and were entitled to be subrogated in that amount in the claim theretofore filed by the Federal Land Bank of St. Louis and this claim was disapproved and disallowed. These two claims were consolidated and presented to the court resulting in the following order:

"In the Probate Court of Mississippi County, Arkansas,
Osceola District

In the Matter of the Estate of
Mrs. M. E. Driver, Deceased.

### ORDER

"This cause came on to be heard upon the petition of Mrs. Ida May Quinn, Cooper Driver and Mrs. Ruth Florida that the order heretofore entered on September 18, 1939, on the claim of Federal Land Bank of St. Louis against the said estate be modified so as to add thereto the words 'or until the further order of the court'; and the court being of the opinion that said petition should not be granted, it is therefore ordered, adjudged and decreed by the court that the said petition be and the same is hereby disallowed and overruled, to which action of the court the said petitioners excepted.

"And the cause came on further to be heard upon the demand of Mrs. Ida May Quinn, Cooper Driver and Mrs. Ruth Florida against the said estate, filed with the clerk of this court on or about October 4, 1939; and the written motion of the Executor for non-suit and dismissal filed herein, and the court being of the opinion that the said claim should be disallowed, it is therefore ordered, adjudged and decreed by the court that the said claim be and the same is hereby denied and disallowed, to which action of the court, the said claimants then and there excepted, whereupon, the said petitioners and said

claimants filed their motion for a rehearing, on the said respective petition and said demand, which motion to rehear said petition and said demand was denied and the judgment of the court heretofore entered, affirmed. Upon application of the petitioners and said claimants, it is ordered that the hearing on said petition and said demand, for the purposes of appeal, be and the same are hereby consolidated, to which action, the Executor of said estate, then and there excepted.

"To the action of the court in denying the said petition, and the action of the court in disallowing the said claim, the said petitioners and said claimants then and there prayed an appeal, which appeal is granted upon the said petitioners and claimants perfecting same as required by law.

"Enter this December 2nd, 1939.

J. F. Gautney,
*Chancellor.*"

Appellee takes the position that the order relative to the action of the court on the claim presented by the Federal Land Bank of St. Louis was not a final order from which an appeal will lie and for that reason the only question on appeal for determination is whether the court correctly disallowed the claim for $805.54. We do not think so for the reason that the action taken by the court was a final ruling to the effect that the mortgage on the 320 acres of land must be foreclosed and the security exhausted before the estate of Mrs. Driver would be liable. In other words that the estate of Mrs. Driver would not be liable except for a deficiency judgment in the foreclosure proceeding and not liable for the full amount due on the note and mortgage at the time of her death under the provisions of the will. The order was final regarding that issue which was the real issue involved. There is nothing in the record disclosing that the Federal Land Bank of St. Louis excepted to the order and prayed an appeal therefrom, but, under Pope's Digest, § 2885, the right of appeal from any probate judgment is given by the statute to any heir, devisee, legatee or judgment creditor. So we think the order was final and appealable to this court.

Appellee also suggests that the claim presented to the executor by the Federal Land Bank of St. Louis did not meet the requirements of the statute (§ 100, Pope's Dig.) for the presentation of claims because it did not exhibit or file or present the note and mortgage constituting the basis of its claim. The affidavit to the claim of the Federal Land Bank of St. Louis is as follows:

"Said claim is founded on a promissory note, a true (photostatic) copy of which is attached hereto as 'Exhibit A' and made a part hereof; and the original thereof, which has been exhibited to you is held subject to your inspection and the orders of the court."

We think this was a substantial compliance with the statue under our announcement in the case of *Davenport* v. *Davenport,* 110 Ark. 222, 161 S. W. 189. Their claim for the $805.54 which they paid to settle the delinquent interest was also presented as a basis for the claim they filed.

Appellants contend that the court erred in holding that they took the devise of the 320 acres of land with the mortgage lien or incumbrance against it. There is no question that the Federal Land Bank of St. Louis could have sued Mrs. M. E. Driver in her lifetime for the amount due in case of default without foreclosing its mortgage and the same right existed in its favor after her death against her estate. In other words she owed the debt and her estate owed it after her death. The ruling of the court was to the effect that neither the Federal Land Bank of St. Louis nor her children to whom she bequeathed the 320 acres of land could proceed against the estate of Mrs. Driver until the land mortgaged to secure same was exhausted. This court ruled in *Neely* v. *Black,* 80 Ark. 212, 96 S. W. 984, that the holder of a note secured by a mortgage had the right to inforce the payment of it by suing the maker of the note and when judgment was obtained could sue out an execution and collect same or could foreclose the mortgage due; and in the case of *Barnes* v. *Bradley,* 56 Ark. 105, 19 S. W. 319, the court ruled that one holding collateral security for the payment of the note might bring suit on the note or debt

or foreclose on the security and could prosecute both claims at the same time, but that he could not have but one satisfaction of his demand, and in the recent case of *Vaughan* v. *Screeton*, 181 Ark. 511, 27 S. W. 2d 789, this court said that a "Mortgagee need not exhaust security before resorting to other remedies, but may prosecute all remedies with right, however, to only one satisfaction."

The question then, at last, is whether Mrs. M. E. Driver intended by the execution of her will that all of her debts should be paid by her executor or whether only such debts as were unsecured should be paid by her executor. Appellees argue that since Mrs. M. E. Driver made express bequests of all her property, leaving nothing out of which to pay all her debts, her intention must have been that the specific bequests she made which were incumbered should go to the devisee to whom she bequeathed it subject to the liens or incumbrances upon the specific property. We cannot agree with this construction when the last two clauses of the will quoted above have been read. Those two clauses clearly created a residuum of her estate to be used for the purpose of paying all her debts and when read in connection with clause No. I there is no doubt as to what she meant. Clause No. I, which is quoted above but which we repeat, is as follows:

"Item I. It is my desire that all my just debts and funeral expenses be paid, and I hereby direct my executors to pay said debts and funeral expenses as promptly as possible without sacrificing the interests of my estate."

This court ruled in the case of *Barlow* v. *Cain*, 146 Ark. 160, 225 S. W. 228, that where a will provided for the payment of debts with the proceeds of notes and accounts the intention of the testator was that a legatee did not take the real estate devised to him subject to the lien of a mortgage. In the instant case a residuum of the estate was provided for the payment of all of the testatrix's just debts showing that the intention was that the mortgage debt or lien against the 320 acres of

land devised to appellants should be paid out of the estate of the testatrix, so it follows that appellants did not take the devise of the 320 acres subject to the lien or mortgage against it. We think the will in the instant case on its face brings it within the rule announced by this court in the case of *Barlow* v. *Cain, supra.* We think the will in the instant case means for the executor to pay all of Mrs. Driver's just debts as soon as possible without sacrificing the interest of her estate whether the debts are secured or unsecured. Had she intended otherwise she could have expressed her intention by inserting the word "secured" between the word "my" and the word "just." Her clearly expressed intention that her executor should pay all her just debts cannot be abridged by a construction to the effect that she only intended for her executor to pay a part of her debts out of her estate. Under this construction of the will, the court should have allowed the claim presented by the Federal Land Bank of St. Louis, and, it appearing that the appellants have paid the Federal Land Bank of St. Louis a part of same since the claim was presented, that much should be allowed to them by way of subrogation.

On account of the error indicated the order is reversed and remanded with directions to enter an order in accordance with the opinion of this court.

McHANEY and BAKER, JJ., dissent.