Michael COATS and Rhonda Coats (now Wheeler) *v.*
Jerry GARDNER

97-1309                                              970 S.W.2d 802

Supreme Court of Arkansas
Opinion delivered June 18, 1998

*Eddie N. Christian* and *Matthew Horan*, for appellants.

*Thompson & Llewellyn, P.A.,* by: *James M. Llewellyn, Jr.,* for appellee.

W.H. "Dub" Arnold, Chief Justice. Appellants, Michael Coats, and his former wife, Rhonda Coats (now Wheeler), appeal an order of the Crawford County Circuit Court dismissing their negligence complaint against appellee Jerry Gardner. In dismissing the complaint, the circuit court found that Mr. Coats's injuries arose out of his employment with Mr. Gardner, and that the Coatses' claim was barred by the election-of-remedies doctrine since they had received workers' compensation benefits. The Coatses filed an appeal with the Arkansas Court of Appeals, which certified the case to this court under Ark. Sup. Ct. R. 1-2(d)(2), as involving an issue of significant public interest or a legal principle of major importance. We agree with the circuit court's finding that the Coatses' claim is barred by the election-of-remedies doctrine and affirm its decision.

Mr. Coats was the general manager of a TGI Fridays restaurant owned by VNE, Inc., a corporation of which Mr. Gardner was the principal shareholder. On the afternoon of October 23, 1994, Mr. Gardner planned to pilot his ultra-light airplane over

the Arkansas River.[1] He telephoned the restaurant and asked another employee to go along for the ride. When that employee declined, Mr. Coats asked to go along on the trip. During the flight, the airplane, which was capable of landing on both water and land, crashed. Because the plane's right landing gear was down when Mr. Gardner attempted to land on the river, the nose dipped into the water and the plane began to flood. Although Mr. Coats was able to escape from the airplane, the river's current drew him into the still-moving propeller, resulting in extensive, disfiguring facial injuries.

According to Mr. Coats, following the accident, while he was still in the hospital, Mr. Gardner and his attorney told him that his only chance for compensation for his medical bills was to file a workers' compensation claim. Thereafter, Mr. Coats gave a recorded statement to VNE's workers' compensation carrier, Zenith Insurance Company, asserting that he and Mr. Gardner had discussed restaurant business during the trip. After Zenith's investigation into the accident, it paid the Coatses temporary total disability benefits and medical benefits over a eighteen-month period totaling more than $70,000.00.

On June 18, 1996, the Coatses filed a tort action in Crawford County Circuit Court, claiming that Mr. Gardner's negligence caused the plane to crash and resulted in Mr Coats's injuries. They sought $5.53 million in damages and another $1.25 million for loss of consortium. Mr. Gardner answered and moved to dismiss, arguing in part that the Coatses had waived their rights to sue in tort when they sought and accepted workers' compensation benefits. The circuit court dismissed the complaint. The Coatses appealed to the Court of Appeals, which certified the case to this court, asking us to clarify our cases regarding election-of-remedies.

■ As an initial matter, the Coatses contend that the circuit court erred in considering matters outside the complaint when ruling on Mr. Gardner's motion to dismiss. The Coatses have

---

[1] The airplane was built by Mr. Gardner and was owned by Sierra Hotel Corporation, a corporation of which Mr. Gardner and his wife, Vonda J. Gardner, owned all the outstanding stock.

abstracted excerpts from Mr. Gardner's deposition, as well as responses to interrogatories and answers to production of documents, all of which the circuit court considered before ruling on the motion. It is well settled that, where the parties present affidavits and other matters outside the pleadings to the circuit court on a motion to dismiss, we can and will treat the motion as one for summary judgment. *Cherepski v. Walker*, 323 Ark. 43, 49, 913 S.W.2d 761 (1996); see also Ark. R. Civ. P. 12(b) and (c).

Turning to the merits, we discusssed the election-of-remedies doctrine most recently in *Traveler's Ins. Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997), in which the widow of an employee fatally injured in a trucking accident sued the employer and its insurance carrier, in circuit court for misrepresentation and outrage. Particularly, Mrs. Smith alleged that Travelers' adjuster had misrepresented that an autopsy was required in order for her to receive workers' compensation benefits, causing her to incur refrigeration costs and a delay in embalming that prevented her from having an open-casket funeral. Travelers filed a motion for summary judgment, claiming that Mrs. Smith had elected her remedy by accepting $32,910.00 in death compensation benefits. The circuit court denied the motion, reasoning that the Workers' Compensation Act did not provide a remedy for the injuries that Mrs. Smith allegedly suffered. Travelers filed a petition for writ of prohibition in this court. While we denied the petition on the ground that the Act did not provide a remedy for Mrs. Smith's alleged non-physical injury, we described the election-of-remedies doctrine as follows:

> [T]he general rule as to election of remedies is that, where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with full knowledge of all the facts and of his rights makes a deliberate choice of one, then he is bound by his election and cannot resort to the other remedy.

*Travelers Ins. Co.*, 329 Ark. at 344 *(quoting Lively v. Libbey Memorial Physical Medical Ctr.*, 317 Ark. 5, 9, 875 S.W.2d 507, 509 (1994)); *see also Gentry v. Jett*, 235 Ark. 20, 365 S.W.2d 736 (1962). In that case, we said that the election-of-remedies doctrine would bar Mrs. Smith's circuit court claims for her injury if it were shown that she "either received or could have received compensation

under the Workers' Compensation Act." *Travelers Ins. Co.*, 329 Ark. at 344 *(citing Lively v. Libbey Memorial Physical Medical Ctr., supra*; and *Riverside Furniture Co. v. Rodgers*, 295 Ark. 452, 749 S.W.2d 664 (1988)). Because Mrs. Smith had no remedy under the Act for her injury, she had no workers' compensation remedy to elect in the first instance. *Id.*

In *Western Waste Indus. v. Purifoy*, 326 Ark. 256, 930 S.W.2d 348 (1996), an employee of a landfill operator filed a workers' compensation claim for injuries resulting from her exposure to toxic chemicals sustained during the time of her employment. She recovered $12,500.00 in workers' compensation benefits and signed a settlement agreement whereby she agreed that the money she received was a full, complete, and final payment and discharge of her employer's liability to her for any past or future injuries or medical expenses. Nine months after the settlement, she filed a personal injury complaint against her employer in circuit court. The circuit court denied the employer's motion to dismiss, and we granted the employer's petition for writ of prohibition. In granting the writ, we stated that the employee had the option to pursue her claim for damages either in tort or under the Workers' Compensation Act. *Western Waste*, 326 Ark. at 258. We further said that, once the employee made that election, she could not avail herself of the remedy not chosen. *Id.* However, it was not the pursuit of the claim in that case that constituted the election in *Western Waste*, but the receipt of a $12,500.00 settlement for the same injury for which she later sought damages in circuit court that barred the later claim.

In the present case, we conclude that the circuit court was correct in determining that the Coatses' claim was barred by the election-of-remedies doctrine. As Professor Larson states, "[a] successful compensation claim will ordinarily bar a subsequent damage suit." 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 67.32, at 12-159 (1997 and Cum. Supp. 1998). According to Professor Larson, the word "successful" must be taken to mean "successful not only in obtaining a compensation award but also in collecting it." *Id.* at 12-174. In this case, the Coatses received a settlement of $70,000.00 for injuries arising out of the airplane accident. The circuit court appro-

priately concluded that the Coatses could not now seek redress for those same injuries by filing a tort claim. While the Coatses claim that the settlement was procured due to the fraud of Mr. Gardner, this is a matter for the Workers' Compensation Fraud Investigation Unit, the entity charged with investigating such claims and reporting any findings to the Workers' Compensation Commission. *See* Ark. Code Ann. § 11-9-106 (Repl. 1996). Based on the foregoing, we affirm the circuit court's decision.

Affirmed.

NEWBERN, J., not participating.