Russell D. HANEY *v.* William PHILLIPS

CA 00-365                                                    35 S.W.3d 373

Court of Appeals of Arkansas
Division II
Opinion delivered December 20, 2000

*The Madden Law Firm*, by: *John M. Holstine*, for appellant.

*W. Michael Powell*, for appellee.

JOHN E. JENNINGS, Judge. This is an appeal from an order dismissing appellant's complaint to foreclose a mortgage. For reversal, appellant contends that the trial court erred in ruling that he had made an election of remedies because he had previously obtained a personal judgment on the underlying debt and that the trial court erred in ruling that the discharge of the debt in bankruptcy barred him from proceeding in foreclosure. We agree with both arguments and reverse and remand..

The facts of this case are undisputed. In September 1996, appellant, Russell Haney, loaned $5,000.00 to appellee, William Phillips. The debt was secured by a second mortgage that was filed of record. Appellee defaulted in his payments on the loan, and appellant obtained a personal judgment by default against appellee in municipal court. Thereafter, appellee filed a petition in bankruptcy, but the case was dismissed. Appellant then filed this action in foreclosure, which was stayed when appellee again filed for bankruptcy. In the bankruptcy, appellant's money judgment against appellee was discharged. This foreclosure action went forward after the bankruptcy case was concluded, and appellee filed a motion to dismiss arguing that appellant had made an election of remedies by obtaining the personal judgment and that the mortgage lien did not survive the bankruptcy. The trial court granted appellee's motion to dismiss, and this appeal followed.

■ As his first argument, appellant challenges the trial court's ruling that he had made an election of remedies because he had previously obtained a judgment on the debt. The argument has merit. The general rule, in the absence of a statute to the contrary, is that a creditor whose debt is secured by a mortgage may pursue his remedy in personam for the debt, or his remedy in rem to subject the mortgaged property to its payment. 55 AM. JUR.2d *Mortgages* § 522 (1996). In addition, a mortgagee may ordinarily pursue all of his remedies at once, or he may pursue them successively. *Id.* State courts have uniformly held that holders of notes secured by a mortgage can both sue the maker of the note and also foreclose on the property, regardless of which action they pursue first, without offending the election-of-remedies doctrine. *Szego v. Anyanwutaku*, 651 A.2d 315 (D.C. App. 1994); *see also Kepler v. Slade*, 896 P.2d 482 (N.M. 1995). Arkansas law is consistent with these general rules.

■ The election-of-remedies doctrine bars more than one recovery on *inconsistent* remedies. *Wilson v. Fullerton*, 332 Ark. 111, 964 S.W.2d 208 (1998)(emphasis supplied). The general rule as to election of remedies is that, where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with full knowledge of all the facts and of his rights he makes a deliberate choice of one, then he is bound by his election and cannot resort to the other remedy. *Coats v. Gardner*, 333 Ark. 581, 970 S.W.2d 802 (1998). The election-of-remedies doctrine applies to remedies, not causes of action. *Jones v. Ray*, 54 Ark. App. 336, 925 S.W.2d 805 (1996). There is no requirement that a plaintiff choose only one cause of action. *Cater v. Cater*, 311 Ark. 627, 846 S.W.2d 173 (1993).

In *Bank of Eudora v. Ross*, 168 Ark. 754, 271 S.W.703 (1925), it was argued that a party could not obtain a personal judgment in a foreclosure suit until after the report of sale showing that the amount realized from the sale was not sufficient to extinguish the debt. The supreme court disagreed, noting that the two remedies were not inconsistent. The court said that, while the plaintiff is entitled to only one satisfaction, he is entitled to pursue each available concurrent remedies not inconsistent with each other. *See also Vaughan v. Screeton*, 181 Ark. 511, 27 S.W.2d 789 (1930).

In *Davis v. Lawhon*, 186 Ark. 51, 52 S.W.2d 887 (1932), a creditor had filed both a liquidated claim against the deceased debtor's estate, as well as foreclosure suit in chancery court. The probate court disallowed the claim against the estate because of the pendency of the lawsuit in chancery, and the creditor was denied a writ of mandamus in circuit court to compel the probate court to act. On appeal from the denial of the writ, the supreme court again recognized that the two remedies were not inconsistent and held that where one has cumulative and consistent remedies, he may pursue all or one of them, although he is entitled to but one satisfaction. The court observed:

> Where the law furnishes a party with two or more concurrent and consistent remedies, he may prosecute one or all until satisfaction is had; but a satisfaction of one is a satisfaction of all. He may select and adopt one as better adapted than the others to work out his purpose, but his choice is not compulsory or final.

*Id.* at 56.

Again, in *Driver v. Driver*, 200 Ark. 500, 139 S.W.2d 401 (1940), the court noted that the holder of a note secured by a mortgage had the right to enforce payment by either obtaining judgment against the maker of the note and suing out an execution for collection, or he could foreclose on the mortgage. Quoting from an earlier opinion, the court observed that a "mortgagee need not exhaust security before resorting to other remedies with right, however, to only one satisfaction." *See Vaughan v. Screeton, supra.*

■ The remedies appellant sought were not inconsistent. Under the law, he was entitled to pursue either one of them, or both in succession, until the debt was satisfied. The trial court erred in concluding that the foreclosure suit was barred under the election-of-remedies doctrine.

Appellant next argues that the trial court erred in concluding that appellant was barred by the discharge in bankruptcy from proceeding with the action in foreclosure. This argument also has merit.

■ It is a long-established principle that, unless avoided in the bankruptcy proceeding, valid liens will be preserved notwithstanding the discharge of the debtor. *In re Dickinson*, 24 B.R. 547

(Bankr. S.D. Cal. 1982). This is so because the discharge extinguishes only the personal liability of the debtor. *Long v. Bullard,* 117 U.S. 617 (1886). Codifying the rule of *Long v. Bullard, id.,* the Bankruptcy Code now provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. 11 U.S.C. § 522; *Johnson v. Home State Bank,* 501 U.S. 78 (1991). In Arkansas, a mortgage lien attaches when it is recorded. Ark. Code Ann. § 18-40-102 (1987). Since a discharge in bankruptcy does not defeat such a lien, the trial court erred in granting the motion to dismiss merely because the underlying debt was discharged in bankruptcy. *See Clark v. Bank of Bentonville,* 308 Ark. 241, 824 S.W.2d 358 (1992).

We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

PITTMAN and ROAF, JJ., agree.