BANK of LITTLE ROCK *v.* CASADYNE CORPORATION,
Bill C. Casto and Commercial R.E., Inc.

CA 04–114                                                    197 S.W.3d 37

Court of Appeals of Arkansas
Opinion delivered November 3, 2004

*Frederick S. Wetzel, II, P.A.,* for appellant.

*Appellees,* pro se.

JOHN B. ROBBINS, Judge. Appellant Bank of Little Rock (BLR) appeals the order of the Jefferson County Circuit Court that denied its motion for a deficiency judgment against appellees Casadyne Corporation and Bill C. Casto, individually and as president of Casadyne Corporation. Casto borrowed money from BLR and secured the debt by a first mortgage on certain real property. After Casto defaulted on the loan, a foreclosure suit was instituted, but prior to trial, the property was privately sold. The sale proceeds that BLR received at closing did not cover the outstanding balance of the mortgage loan. Casto resisted BLR's subsequent attempt to recover a judgment for the deficiency. The trial judge found that BLR had elected its remedy by participating in a private sale and releasing its mortgage lien that excluded Casto from protecting his interests. Therefore, the circuit court denied the motion for a deficiency judgment. We reverse and remand.

The facts are not in dispute, and we recite them here to properly consider the merits of the appeal. In June 1998, BLR extended a loan in the amount of $150,000 to Casto secured by a mortgage lien on property located in Pine Bluff, Arkansas. Under the terms of the promissory note, Casto was obligated to make thirty-five monthly installment payments, and a balloon balance being due in June 2001. BLR chose not to renew the note, Casto was unable to pay, and BLR instituted a foreclosure complaint on October 10, 2001, naming Casto and Casadyne Corporation as defendants. The mortgage and promissory note set forth BLR's rights upon default which included, in addition to remedies under applicable law, the right to demand payment of reasonable attorney's fees and collection costs.

In December 2001, after learning that Casto had deeded the property to Commercial R.E., Inc. (CRE), BLR filed an amended foreclosure complaint to add CRE as a defendant. Trial was set for October 31, 2002. A few hours prior to trial, CRE received a $150,000 offer on the property from Mr. Doyle Kittler, and a copy of the offer was provided to BLR. By letter, BLR requested the trial court to hold the trial in abeyance, in anticipation that the sale would go forward "and an order of dismissal would be entered in the next few weeks." The letter was copied to appellant Casto and CRE.

Prior to closing, BLR provided information for a closing statement, reporting that the amount owed to BLR for principal and interest was $142,860.32, and later reporting that additional monies were due under the terms of the promissory note and mortgage for reimbursement of a reasonable attorney's fee. This increased the amount due at closing to $148,333.03. This figure was provided to Casto, but Casto was not present at the sale closing, which was conducted on November 15, 2002.

In preparation for closing, the final figure BLR provided CRE as the amount owed on the note was $148,575.85. CRE informed BLR that it incurred additional closing costs that would cause the net sales proceeds actually realized to be less than the $150,000 sales price and that it would not have the additional funds to pay the difference to BLR. Nevertheless, the sale proceeded and BLR collected $140,136.98 and released its mortgage so that the sale could be closed. No notice about the deficiency was given Casto prior to the closing.

On November 21, 2002, BLR filed a motion with the trial court in the pending foreclosure action seeking a deficiency judgment against Casto in the amount of $8,300.12. At BLR's request, the trial judge dismissed defendant CRE from the foreclosure suit on December 9, 2002. A hearing on this matter was conducted on February 11, 2003, after which the trial judge concluded that BLR had elected its remedy and that BLR's motion would be denied. The trial judge emphasized that Casto was given no notice of the shortfall and was thereby precluded from seeking contribution from CRE.[1] He also noted that this private sale prevented a public sale "for sufficient funds to satisfy BLR." This appeal resulted.

On appeal, BLR argues that it pursued two consistent remedies as was provided for in the promissory note and mortgage and also under Arkansas law; that the amounts due were not paid in full upon sale of the property; and that Casto and his corporation are liable to provide one satisfaction of this debt. Casto responds that BLR controlled the collection of the monies due; that it improperly excused CRE from paying the full amount owed on the mortgage debt out of the $150,000 sales price; that proceeding to foreclosure would have ensured a higher sales price and would

---

[1] CRE is not a party to this appeal. Consequently, we do not address any rights or liabilities that may exist between appellees and CRE.

have covered the debt in its entirety; and that he and his corporation were wrongly denied notice of any deficiency prior to closure.

■ Appellant BLR correctly states that the election-of-remedies doctrine bars more than one recovery on inconsistent remedies. *Wilson v. Fullerton*, 332 Ark. 111, 964 S.W.2d 208 (1998). The general rule as to election of remedies is that, where a party has a right to choose one of two or more appropriate but inconsistent remedies, and with full knowledge of all the facts and of his rights he makes a deliberate choice of one, then he is bound by his election and cannot resort to the other remedy. *Coats v. Gardner*, 333 Ark. 581, 970 S.W.2d 802 (1998). However, where the law furnishes a party with two or more concurrent and consistent remedies, he may prosecute one or all until satisfaction is had; but a satisfaction of one is a satisfaction of all. *Haney v. Phillips*, 72 Ark. App. 202, 35 S.W.3d 373 (2000). He may select and adopt one as better adapted than the others to work out his purpose, but his choice is not compulsory or final. *Id.*

■ A mortgagee may ordinarily pursue all of his remedies at once, or he may pursue them successively. *See Haney, supra.* State courts have uniformly held that holders of notes secured by a mortgage can both sue the maker of the note and also foreclose on the property, regardless of which action they pursue first, without offending the election-of-remedies doctrine. *See id.* citing *Szego v. Anyanwutaku*, 651 A.2d 315 (D.C. App. 1994) and *Kepler v. Slade*, 119 N.M. 802, 896 P.2d 482 (1995)). Arkansas law is consistent with these general rules. *See Haney, supra.* The circuit court erred in finding that the motion for a deficiency judgment in the foreclosure suit was barred under the election-of-remedies doctrine. *See Haney, supra.*

■ In the present appeal, the current owner (CRE) of the mortgaged premises desired to sell the property and voluntarily located a willing buyer. These parties agreed to a price of $150,000.00.[2] Casto was on notice that a sale was about to close, and he believed that the amount he owed would be covered. Although a shortfall resulted to his detriment, Casto remained liable. In *Pulaski Federal Savings & Loan Assn. v. Woolsey*, 242 Ark.

---

[2] There was no finding by the trial court that this was an unreasonable price.

612, 414 S.W.2d 633 (1967), the supreme court held that the original note obligors who conveyed mortgaged realty to third parties who assumed payment of the note, but without release from the payee of the original obligor's primary obligation, remained liable for the deficiency on foreclosure. Despite Casto's contention that the bank failed in its duty to give notice to him about the deficiency prior to closure, his citation to the Uniform Commercial Code is not persuasive. The remedies of the bank with respect to the real estate mortgage are not governed by the Code. *See Bank of Bearden v. Simpson*, 305 Ark. 326, 808 S.W.2d 341 (1991). The U.C.C. provides for the regulation of security interests in personal property and fixtures. *Arkansas Iron & Metal Co. v. First Nat'l Bank of Rogers*, 16 Ark. App. 245, 701 S.W.2d 380 (1985).

In sum, the trial court erred in finding that BLR was barred from seeking a deficiency judgment on the basis of an election of remedies.

Reversed and remanded.

GLADWIN and VAUGHT, JJ., agree.