HESKETT *v.* FISHER LAUNDRY & CLEANERS COMPANY, INC.

4-9205                                              230 S. W. 2d 28

Opinion delivered May 22, 1950.

*Dinning & Dinning,* for appellant.

*Cracraft & Cracraft,* for appellee.

MINOR W. MILLWEE, Justice.   Appellant, Leon Heskett, brought this action against appellee, Fisher Laundry & Cleaners Co., a corporation, and J. B. Fisher to recover damages, actual and exemplary, for injuries alleged to

have been suffered by reason of a vicious, intentional, unprovoked and premeditated assault committed upon appellant by the said J. B. Fisher while acting as an officer and general manager of the corporation.

Appellant alleged that at the time of the assault he was engaged in his regular work as an employee of the defendant company and that J. B. Fisher was engaged in the discharge of his duties as general manager of the corporation; that appellant was prevented by reason of the assault from performing the duties of a laborer for a period of three weeks; and that he had suffered excruciating mental and physical pain and great humiliation on account of the assault which was committed in the presence of fellow employees and other persons. The complaint contained a prayer for actual damages in the sum of $5,000 and for exemplary damages in a like sum.

Appellee and J. B. Fisher answered with a general denial and stated that appellant's injuries, if any, resulted from his unjustified attack upon J. B. Fisher who acted in self-defense and to protect his employer's property. In an amendment to the answer appellee alleged that it carried Workmen's Compensation Insurance and that appellant was subject to the provisions of the Workmen's Compensation Act which was pleaded as a defense to the action. The trial court treated the amendment to the answer as a demurrer to the jurisdiction of the court which was sustained as to appellee and overruled as to the defendant, J. B. Fisher. Appellant elected to stand on the complaint as to the action against the corporation and this appeal is prosecuted from the judgment dismissing the cause of action against appellee.

The questions for determination are: whether a willful and malicious injury inflicted by the officer and general manager of the employer upon the employee is comprehended within the provisions of the Workmen's Compensation Act; and, if so, whether the Act affords an exclusive remedy to the injured employee.

The compensation acts of many states contain provisions specifically preserving the ordinary remedies at

law for injuries resulting to employees from the employer's willful act or misconduct. 58 Am. Jur. Workmen's Compensation, § 54. In some states the Act provides for an increase in compensation in case of the willful misconduct of the employer. 4 Mass. Ann. Laws, Ch. 152, § 28; Deering's Calif. Labor Code, § 4553. Our compensation act, like those in many other states, contains no specific provision as to right of recovery for injuries sustained by willful and intentional acts of the employer. Section 2(d) of the Ark. Workmen's Compensation Act, Initiated Act No. 4 (1949 Cumulative Pocket Supp. Ark. Stats. 1947, §§ 81-1301 to 81-1349) defines "injury" as meaning only accidental injury arising out of and in the course of employment, including occupational diseases and infections. Section 81-1303 provides that the act shall apply only to claims for injuries and death based upon accidents which occur from and after the effective date of the act.

Section 81-1304 provides: "The rights and remedies herein granted to an employee subject to the provisions of this Act, on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next kin, or anyone otherwise entitled to recover damages from such employer on account of such injury or death, except that if an employer fails to secure the payment of compensation, as required by the Act, an injured employee, or his legal representative, in case death results from the injury, may, at his option, elect to claim compensation under this Act or to maintain a legal action in court for damages on account of such injury or death . . ."

Section 81-1305 provides: "Every employer shall secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of employment, without regard to fault as a cause for such injury; provided, that there shall be no liability for compensation under this Act where the injury or death from injury was solely occasioned by intoxication of the injured employee or by willful intention of the injured employee to

bring about the injury or death of himself or another
. . .''

In order to sustain the judgment appellee contends that the fact that the injury is the result of a willful assault on the employee does not prevent it from being ''accidental'' within the meaning of the act. This contention is in accord with the general rule which we approved in the case of *Hagger, Admx.,* v. *Wortz Biscuit Co.,* 210 Ark. 318, 196 S. W. 2d 1. Appellee says the question involved here is determined by our holding there. That case involved a suit against a company and a fellow employee of the deceased for gross negligence in the storing of gasoline in glass containers and underground tanks which allegedly caused an explosion and fire resulting in the employee's death. While the complaint in that case alleged that the fellow employee willfully and recklessly stored the gasoline, the case did not involve willful and malicious injury by assault such as is alleged in the instant case.

The effect of our holding in the Hagger case, *supra,* is that the remedy afforded the employee under the compensation act is exclusive where injury or death results from gross negligence of the employer or a fellow employee. We adhere to that rule and also to the *dictum* in that case to the effect that an injury may be the result of ''accidental'' means under the statute so as to be compensable notwithstanding the act producing the injury was intentional. In *Lundell* v. *Walker,* 204 Ark. 871, 165 S. W. 2d 600, we upheld an award by the compensation commission where a plantation foreman shot and killed an employee in an argument over the employee's discharge. The question here is whether the compensation act affords the exclusive remedy where the injury or death is the result of a willful and malicious assault by the employer.

In Horovitz on Workmen's Compensation p. 336 it is said: ''Where the *employer* is guilty of a felonious or *willful assault* on an employee he cannot relegate him to the compensation act for recovery. It would be against

sound reason to allow the employer deliberately to batter his helper, and then compel the worker to accept moderate workmen's compensation benefits, either from his insurance carrier or from himself as self-insurer. The weight of authority gives the employee the choice of suing the employer at common law or accepting compensation."

In *Lavin* v. *Goldberg Building Material Corp.*, 274 App. Div. 690, 87 N. Y. S. 2d 90, the administratrix brought a common law action against the corporate defendant and its foreman for personal injuries resulting in death from the willful and intentional assault on plaintiff's intestate by said foreman while acting within the scope of the employment. The New York court held that, where there is a willful and intentional assault, the employee has his election to take under the compensation act and thus regard the assault as an accident, or instead to sue both the foreman and the corporate defendant at common law. The court said: "The Workmen's Compensation Law deals not with intentional wrongs but only with accidental injuries. We entertain not the slightest doubt that where an employer, either directly or through an agent or servant, is guilty of a felonious assault upon an employee he cannot relegate the latter to the compensation statute as the sole remedy for his tortious act. It would be abhorrent to our sense of justice to hold that an employer may assault his employee and then compel the injured workman to accept the meager allowance provided by the Workmen's Compensation Law. Under such circumstances the one assaulted may avail himself of a common law action against his assailant where full monetary satisfaction may be obtained." See, also, *LePochat* v. *Pendleton*, 187 Misc. 296, 63 N. Y. S. 2d 313, affirmed without opinion, 271 App. Div. 964, 68 N. Y. S. 2d 594; *Stewart* v. *McLellan's Stores Co.*, 194 S. C. 50, 9 S. E. 2d 35; *Castleberry* v. *Frost-Johnson Lumber Co.*, (Tex. Comm. App.) 283 S. W. 141; *Richardson* v. *The Fair, Inc.*, (Tex. Civ. App.) 124 S. W. 2d 885. An interesting article on the question appears in 2 Ark. Law Review p. 130.

Perhaps the leading case on the question is that of *Boek* v. *Wong Hing,* 180 Minn. 470, 231 N. W. 233, 72 A. L. R. 108, where the employer struck and injured the employee during the regular hours of work. In an action at law for damages by the employee, the defense was that the Workmen's Compensation Act afforded the employee his exclusive remedy. In holding that the employee could either seek recovery under the compensation act or sue for full damages at common law, the court said: "An employer who intentionally and maliciously inflicts bodily injuries on his servant should occupy no better position than would a third party not under a Compensation Act, and should not be heard to say, when sued at law for damages, either that the injury was accidental or that it arose out of the employment. By committing a felonious assault upon a servant the master willfully severs the relation of master and servant and should be held to have left it to the election of the servant either to consider the relation still existing and seek redress through the Compensation Act, or else to consider the relation terminated and seek redress under the common law. Instead of himself beating up plaintiff, had defendant hired a third party, who was not under any Workmen's Compensation Act, to do so, it would not for a moment be doubted that the third party, when sued for damages at law, could not move for a directed verdict, as was done here, on the ground that plaintiff's sole remedy was under the Compensation Act. If the mere tool or agent is liable in an action for damages, the principal should be likewise . . ." A majority of the decisions from other jurisdictions appear to support the conclusion reached by the Minnesota court although there is authority to the contrary. *McLaughlin* v. *Thompson, Boland & Lee, Inc.,* 72 Ga. App. 564, 34 S. E. 2d 562.

Under § 40(a) of the Ark. Workmen's Compensation Act (1949 Cumulative Pocket Supp. to Ark. Stats. § 81-1340) the recovery of a claim for compensation does not affect the employee's right to maintain a tort action against any third person responsible for his injury whether the act of such third person be willful or merely

negligent. This section of the Act was doubtless included in order to safeguard the employee's right to recover full damage against the wrongdoer. It would seem, by analogy, that the intention of the lawmakers was not to destroy such employee's right to full damage when the injury results from the willful and intentional act of the employer. Under § 81-1305, *supra*, the employer does not waive the defense of the injury being occasioned by the willful intention of the employee to bring it about. As suggested by appellant, it would appear anomalous to hold that the employer does not waive such defense while the employee waives the right to recover full damage for an injury caused by the willful and malicious act of the employer.

The complaint in the instant case alleges that an officer and general manager of appellee committed a vicious, unprovoked, intentional and violent assault and battery upon appellant during the course of the employment under circumstances which, if substantiated, would entitle appellant to both actual and exemplary damages at common law. We conclude that the rule laid down in *Boek* v. *Wong Hing, supra,* is supported by sound reasoning and that appellant is entitled to elect to either claim compensation under the compensation act or treat the willful assault as a severance of the employer-employee relationship and seek full damages in a common law action. Appellant having elected to pursue the latter remedy, it follows that the trial court erred in sustaining the demurrer to the complaint against appellee.

The judgment is, therefore, reversed and the cause remanded with directions to overrule the demurrer to the complaint against appellee.