**Thomas F. PYLE and Dyanne Pyle, his wife, and William Joe Wallace, Sr., and Diane L. Wallace, his wife, Plaintiff-Appellants,**

v.

**The DOW CHEMICAL COMPANY, Defendant-Appellee.**

No. 83–1518.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1983.

Decided March 2, 1984.

John W. Unger, Jr., Crumpler O'Connor & Wynne, El Dorado, Ark., for plaintiff-appellants.

Friday, Eldredge & Clark by Frederick S. Ursery, Little Rock, Ark., for defendant-appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

The sole issue in this appeal is whether the Arkansas Workers' Compensation Act is the exclusive remedy for the claims of Thomas Pyle and William Wallace, and the derivative claims of their wives, for injuries caused by contact with toxic chemicals. Pyle and Wallace, employees of Dow Chemical, came into contact with Dibromochloropropane, Ethylene Dibromide and Bromine, commonly known as DBCP, and claim severe injuries, including sterility. Their complaint against Dow alleges negligence and carelessness and further alleges that Dow deliberately exposed its employees to DBCP in conscious disregard of the health hazards. Plaintiffs contend that these allegations of intentional and willful injury prevent the Workers' Compensation Act from acting as a bar to their claims. The

district court[1] rejected this contention and dismissed their tort claims. We affirm.

In the complaint plaintiffs alleged that they constantly handled and were exposed to DBCP, and that Dow knew or should have known that DBCP was highly toxic and harmful to human health. The complaint characterized the wrongful acts of Dow as follows:

**6.**

[T]he plaintiffs due to the negligence and carelessness of the defendant, were caused to come into contact with DBCP....

. . . .

**8.**

That said injuries and damages to the plaintiffs were directly and proximately caused by the gross negligence and carelessness of Dow, in that Dow knew, or in the exercise of reasonable care should have known, that DBCP contained deleterious substances ... notwithstanding which ... Dow ...

(a) Negligently failed to take any reasonable precautions ...

(b) Failed and omitted to provide plaintiffs with the knowledge of what would be reasonably safe and sufficient wearing apparel ...

(c) Negligently and carelessly manufactured and handled DBCP ...

(d) Negligently failed to take any reasonable precautions or exercise reasonable care ...

(e) Negligently provide[d] ... an unsafe environment in which to work ...

(f) Negligently failed to take reasonable precautions ... to warn plaintiffs

. . . .

. . . .

**14.**

[D]ue to the negligence and carelessness of ... Dow, the plaintiffs ... sustained severe permanent and disabling injuries....

. . . .

**16.**

[T]he defendant, Dow, knew that the DBCP ... was highly toxic and dangerous.... Dow ... willfully exposed these plaintiffs to DBCP ... and ... impliedly represented that it could be handled safely....

**17.**

[D]efendant, Dow, acted deliberately and with full knowledge of the health hazards ... for business reasons, with a conscious and willfull [sic] disregard ... and ... was guilty of oppression, fraud, malice, and willfull [sic] infliction of injury....

Construing the allegations in the complaint most broadly in favor of the plaintiffs, the district court concluded that their claims fell within the ambit of the Arkansas Workers' Compensation Act and dismissed the complaint for lack of subject matter jurisdiction because Ark.Stat.Ann. § 81–1304 (Supp.1983) provides that remedies under the Act are exclusive. Plaintiffs contend that because their complaint alleged that Dow acted with deliberate and willful intent, the exclusivity provision is inapplicable, and they have stated a cognizable common law tort claim.[2]

We accord great weight or deference to a federal district court's interpretation of state law. *See Crocker National Bank v. Doyle-Lunstra Sales Corp.,* 724 F.2d 696, 700 (8th Cir.1984); *Melia v. Ford Motor Co.,* 534 F.2d 795, 799 (8th Cir.1976). The district court relied on another district court

---

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

2. Plaintiffs do not appear to challenge the district court's ruling that their alleged injuries are within the scope of workers' compensation remedies; they take issue with the ruling that

such remedies are exclusive. Thus, we are not considering a situation like that in *Braman v. Walthall,* 215 Ark. 582, 225 S.W.2d 342 (1949), where the nature of the tort, slander, was completely outside the scope of workers' compensation.

decision in Arkansas reaching a similar result, *Phifer v. Union Carbide Corp.,* 492 F.Supp. 483 (E.D.Ark.1980), in which Judge Arnold of this Court, sitting by designation, carefully studied controlling Arkansas authority.

In *Phifer,* plaintiff's claim was based upon exposure to chemicals in the course of employment. Union Carbide was alleged to have acted intentionally in failing to take necessary steps to prevent the exposure to dangerous gases and substances, in failing to warn of the neurotoxic nature of the chemicals, in failing to provide personal protective gear, in failing to provide an adequate and necessary ventilation system, and in failing to warn that the chemicals could be picked up and retained by work clothes, causing continued damage off the job.

Judge Arnold concluded, "Assuming, *arguendo,* that Mr. Phifer could prove all of the allegations ... he still would not have proved that defendants committed intentional torts of the kind required under Arkansas law to give him a common-law action in tort.... " *Id.* at 485. In reaching his conclusion, Judge Arnold relied upon *Griffin v. George's, Inc.,* 267 Ark. 91, 589 S.W.2d 24 (1979), in which the Arkansas Supreme Court, *en banc,* held that only if an employer acts with an actual, specific, and deliberate intent to injure may an employee sue the employer in common law tort. Otherwise, remedies under the Workers' Compensation Act are the employee's exclusive recourse.

In *Griffin,* the plaintiff had been severely injured in the course of work when he slipped and fell into an unguarded grain auger. The plaintiff contended that since his complaint alleged an intentional tort, he was not precluded from proceeding against his employer in common law tort. The Arkansas Supreme Court disagreed. Although the complaint alleged that the employer "was aware that this condition was hazardous and dangerous," "recognized with substantial certainty that it would result in injury to an employee," "wilfully and wantonly disregarded this known dan-

ger and gave Griffin a dangerous work assignment which placed him in direct danger of injury by the auger," and "ordered him to perform this duty without giving him any instructions ... or any warnings," the court ruled that the complaint did not allege the requisite degree of intent to avoid the exclusive workers' compensation remedy. *Id.* at 93, 589 S.W.2d at 25, 27.

In *Griffin,* the court characterized the requisite degree of intent by contrasting its decision in *Heskett v. Fisher Laundry & Cleaners Co., Inc.,* 217 Ark. 350, 230 S.W.2d 28 (1950). In *Heskett,* the plaintiff brought an action against his employer to recover actual and punitive damages for injuries allegedly resulting from "a vicious, intentional, unprovoked and premeditated assault." *Id.,* 230 S.W.2d at 29. Although the Arkansas Supreme Court held Heskett's injury to be compensable under the workers' compensation statute, it decided that he could also maintain a common law tort action despite the provision of Section 81–1304 that the statute's remedies are exclusive:

> By committing a felonious assault upon a servant the master willfully severs the relation of master and servant and should be held to have left it to the election of the servant either to consider the relation still existing and seek redress through the Compensation Act, or else to consider the relation terminated and seek redress under the common law.

*Heskett,* 230 S.W.2d at 31 (quoting *Boek v. Wong Hing,* 180 Minn. 470, 231 N.W. 233, 234 (1930)).

The complaints in neither *Griffin* nor *Phifer* alleged the degree of intent characterized in *Heskett.* Instead, both Judge Arnold and the Arkansas Supreme Court applied the following construction of the workers' compensation statute:

> Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as *knowingly permitting a hazardous work condition to exist,* knowingly ordering claimant to perform an extremely dangerous job, *willfully failing to furnish a safe place to work,* or even willful-

ly and unlawfully violating a safety statute, *this still falls short of the kind of actual intention to injure that robs the injury of accidental character.*

*Griffin,* 267 Ark. at 96, 589 S.W.2d at 27 (quoting 2A Larson's Workmen's Compensation Law § 68.13, at 13–8 (1976)) (emphasis added), *quoted in Phifer,* 492 F.Supp. at 485.

Construing plaintiffs' allegations, specifically those in paragraph 17 of the complaint which charge deliberate and willful disregard, in light of *Griffin* and *Phifer,* we cannot say that plaintiffs have alleged the type of intent necessary to trigger the exception to the exclusivity provision of the workers' compensation statute. Accordingly, we affirm the judgment of the district court.