871 F.2d 76
 Prod.Liab.Rep.(CCH)P 12,085
James V. NOLAN, Angie Nolan, Appellants,
v.
PRIME TANNING COMPANY, INC.; Ralph Moore, d/b/a Moore
Tannery Products, and Edward Wilson & Son Co.,
Ltd., Appellees.
 No. 88-2037.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 12, 1988.
Decided March 27, 1989.
 
 Robert Colley, St. Joseph, Mo., for appellants.
 Gary A. Schafersman and Larry K. Marske, Kansas City, Mo., for appellees.
 Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and ROSENBAUM*, District Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 James and Angie Nolan appeal from district court[1] orders denying their motion to remand their products liability case to state court, and granting summary judgment to the Prime Tanning Company, Inc. and Ralph Moore because they were not engaged in the business of selling the machine in question, a required element for strict liability under Missouri law. The Nolans argue that this case was improperly removed from state court, since one defendant did not join in the removal petition, and that the case therefore should have been remanded. They also argue that in any event genuine issues of material fact existed in their case against both defendants, making summary judgment improper. We affirm the judgment of the district court.
 
 
 2
 James Nolan was injured in 1982 when his arm was caught in a "hide scraping machine" he used at work. The Nolans brought suit a year later in the Circuit Court of Buchanan County, Missouri, alleging that the machine was defective, and naming as defendants the Blueside Company, Nolan's employer; Prime Tanning, Blueside's parent company; Ralph Moore, who sold the machine to Blueside; George Kuchma, the engineer who supervised the installation and inspection of the machine; Edward Wilson & Son Co., Ltd., a British firm that manufactured the machine; and the Brooner and Thomas Construction Company and the Beadnall Corporation, the two parties responsible for installing the machine. The Nolans were residents of Missouri, as were Brooner and Beadnall. On May 7, 1986 the Nolans voluntarily dismissed their claims against Brooner and Beadnall without prejudice, thus establishing complete diversity. A petition for removal was then filed and granted.[2] All defendants joined this petition except for Wilson & Son, which, although served in Liverpool, England, was not participating in the suit in any way.
 
 
 3
 The Nolans then filed a motion to dismiss without prejudice in the federal district court, stating that the two Missouri defendants had been erroneously dismissed, and that they would be added upon a return to state court. The district court denied this motion on June 21, 1986. The court raised the defective removal issue sua sponte, informing the Nolans that they could move for remand if they were able to demonstrate that Wilson & Son was subject to the state court's personal jurisdiction. The Nolans made no such motion for almost two years.
 
 
 4
 Meanwhile, the case proceeded in federal court. On July 15, 1986 the district court granted summary judgment to Prime Tanning, on the ground that it was at most an isolated seller, and therefore not strictly liable under Missouri law. Missouri has adopted section 402A of the Restatement (Second) of Torts, which imposes liability only upon those who are in the business of selling products. The court found no question that Prime Tanning simply urged Blueside to purchase the hide scraper and assisted it in doing so. This, according to the court, was insufficient to impose section 402A liability. Two months later the district court granted summary judgment to Moore on similar grounds. Faced with an uncontested affidavit from Moore, the court concluded that Moore acted only as a broker, and was therefore not a distributor of the machine in the chain of commerce. George Kuchma was voluntarily dismissed in February of 1987.
 
 
 5
 The Nolans then moved for a default judgment against Wilson & Son, who still had not participated in the suit, in May of 1987. The district court denied this motion without prejudice, allowing for reconsideration upon proof of service of process. Finally, on May 6, 1988, the district court again noticed the faulty removal petition and ordered all parties, including those dismissed, to show cause why all prior orders should not be vacated and the case remanded. A month later the Nolans formally filed for remand. The district court heard arguments, and ruled that although the original removal had been in error, the Nolans had waived their right to remand by actively participating in the federal proceedings for almost two years, while ignoring the court's earlier suggestion that remand might be proper. The court then granted a default judgment against Wilson & Son in the amount of $275,000 to James Nolan, but denied recovery to Angie Nolan. This appeal followed.
 
 I.
 
 6
 The Nolans first argue that the district court erred in refusing to vacate its previous orders and remand the case to the state court. They point to the now uncontested fact that the original removal was in fact improper, because Wilson & Son was subject to the state court's personal jurisdiction but did not join in the removal petition, and claim that they never waived their right to contest this error. We agree with the district court's conclusion that the Nolans waived their right to seek remand.
 
 
 7
 Procedural removal requirements, such as those involved here, are not jurisdictional, and thus a party may waive the right to object to removal on these grounds. See Loftin v. Rush, 767 F.2d 800, 805 (11th Cir.1985); Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir.1983); Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir.1980). This is especially true after a case has been decided on the merits:
 
 
 8
 [W]here after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.
 
 
 9
 Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). Here there is no question that once the Missouri defendants were dismissed this case fell within the district court's subject matter jurisdiction. The only issue to consider is the validity of the Nolans' protests against being improperly brought to federal court.
 
 
 10
 The Nolans claim that they objected to removal at the earliest possible instance, and that they only participated in federal litigation in a defensive manner. The facts show otherwise. The district court informed the Nolans of the possible removal defect in June of 1986,[3] yet no formal petition for remand was filed until 1988. In the meantime the Nolans contested two motions for summary judgment, voluntarily dismissed Kuchma, proposed a joint scheduling order, and filed for default judgment against Wilson & Son, all without any mention whatsoever of a desire to have the case remanded. The Nolans spent almost two years actively engaging in litigation, including the filing of their own motions, without questioning the district court's ability to hear the case. Only after several unfavorable rulings did the Nolans seek to remand.
 
 
 11
 The First and Fifth Circuits have found waiver in similar circumstances. In Farm Constr. Services, Inc. v. Fudge, 831 F.2d 18, 22 (1st Cir.1987), the plaintiffs litigated in federal court for almost a year, seeking to remand only after judgment had been rendered. Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir.1989) involved a plaintiff who, once brought into federal court, engaged in discovery, amended his complaint to join new parties, and waited until motions for summary judgment were filed before requesting remand. In both cases the courts upheld district court findings of waiver. We believe that this case presents similar circumstances, and we hold that the district court acted properly in refusing to remand this case to state court.
 
 II.
 
 12
 The Nolans next argue that the district court erred in granting summary judgment to both Prime Tanning and Moore. They claim that the district court used an unnecessarily restrictive interpretation of Missouri tort law in determining that Prime Tanning and Moore were not involved in the business of distributing the harmful machine, and therefore not liable under section 402A, and that in any event sufficient evidence was introduced to create a question of material fact for trial. We reject these arguments.
 
 
 13
 The district court's interpretation of state law is entitled to great deference. See G.A. Imports, Inc. v. Subaru Mid-America, Inc., 799 F.2d 1200, 1205 (8th Cir.1986); Northern States Power Co. v. ITT Meyer Indus., 777 F.2d 405, 413 (8th Cir.1985); Pyle v. Dow Chem. Co., 728 F.2d 1129, 1130 (8th Cir.1984). The Nolans state that Missouri products liability law is in a state of flux, and that the "trend" is towards imposing liability on all persons benefiting from any participation in the flow of a defective product through commerce. This general argument does not reach the issue before us. This court has expressly rejected the Nolans' argument to expand liability and required that the defendant be shown to have engaged in the business of selling the product to customers. See Wright v. Newman, 735 F.2d 1073, 1078 (8th Cir.1984). The Nolans can point to no instance where the Missouri courts have rejected this rule. We therefore hold that the district court's interpretation of Missouri law was proper.
 
 
 14
 Finally, we believe the district court was correct in allowing summary judgment for both Prime Tanning and Moore. When reviewing a motion for summary judgment we view the evidence in a light most favorable to the nonmoving party, and give that party the benefit of all reasonable inferences. See Loudermill v. Dow Chem. Co., 863 F.2d 566, 571 (8th Cir.1988); Krause v. Perryman, 827 F.2d 346, 350 (8th Cir.1987). However, once such a motion is made the nonmoving party cannot simply rest on the allegations of the complaint, but must come forward with specific facts to demonstrate a genuine issue for trial. See Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984); Bouta v. American Fed'n of State, County & Mun. Employees, 746 F.2d 453, 454 (8th Cir.1984), cert. denied, 470 U.S. 1056, 105 S.Ct. 1764, 84 L.Ed.2d 825 (1985). The Nolans did not respond to Moore's motion for summary judgment by any of the means provided for by Fed.R.Civ.P. 56, and the district court was therefore justified in relying solely on Moore's uncontested affidavit stating that he simply brought buyer and seller together and was not a distributor of the machine. As for Prime Tanning, the evidence produced by the Nolans shows that at most Prime Tanning engaged in an isolated action by assisting in Blueside's purchase of the machine. This is not sufficient to meet the requirement imposed by Missouri law that the seller be engaged in the business of selling the product. Prime Tanning's motion for summary judgment was therefore properly granted.
 
 
 15
 We affirm the judgment of the district court.
 
 
 
 *
 The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri
 
 
 [2]
 28 U.S.C. Sec. 1446(b) was amended effective November 19, 1988 to limit this type of removal. That section now places a one year time limit on the filing of removal requests after a claim has been filed in state court. This limit does not apply when, as in this case, a plaintiff consents to the dismissal of a diversity-destroying defendant
 
 
 [3]
 The district court's order stated:
 Whether or not removal here can be defeated on the basis of the non-joinder of defendant Edward Wilson & Sons, Co., Ltd., in the removal petition cannot be determined at this time because of an absence of proof on the question of the state court's personal jurisdiction over this defendant. It may be that the timely consent to removal by Wilson & Sons will be forthcoming. Of course, plaintiffs may raise this issue by motion if they desire.
 Nolan v. Prime Tanning Co., No. 86-6080-CV-SJ-6 at 4-5 n. 2 (W.D.Mo. June 21, 1986) (order denying motion to dismiss) (emphasis added).