WESTERN WASTE INDUSTRIES *v.* Honorable John PURIFOY, Judge

96-416                                                930 S.W.2d 348

Supreme Court of Arkansas
Opinion delivered October 14, 1996

· *Mitchell, Williams, Selig, Gates & Woodyard,* by: *Marcella J. Taylor* and *Sherry P. Bartley,* for appellant.

*Barry A. Bryant,* for appellee.

· TOM GLAZE, Justice. Western Waste Industries filed this petition for writ of prohibition to prevent the Circuit Court of Miller County from asserting jurisdiction over claims Western Waste contends belong to the Arkansas Workers' Compensation Commission. Western Waste owned and operated a municipal solid-waste landfill in Texarkana, and Toronza Wilson was its employee until Western Waste closed the landfill in 1993. Subsequently, Wilson filed claims against Western Waste with the Commission, alleging that, during her employment, she had sustained injuries due to exposure to chemicals. She also alleged that, because of her work, she had acquired carpal tunnel syndrome. On May 17, 1994, Western Waste and Wilson executed a joint petition before the Commission, settling Wilson's claims whereby Western Waste agreed to pay Wilson $12,500.00, plus attorney's fees, as a full, complete and final payment and discharge of its liability to Wilson for any past or future

injuries or medical expenses relating to her employment with Western Waste.

On February 22, 1995, or nine months after the settlement of her Workers' Compensation claim, Wilson filed a personal injury suit against Western Waste and twelve other entities whom she alleged either generated or transported solid waste which was disposed of at the landfill. Wilson alleged that she sustained injury by virtue of exposure to toxic chemicals during the course of her employment at Western Waste. Wilson's complaint asserted gross negligence, strict liability, and intentional infliction of emotional distress. Western Waste filed a motion to dismiss pursuant to Ark. R. Civ. P. 12(b) and 12(b)(6), arguing that the Commission had exclusive jurisdiction over Wilson's claims against Western Waste and that Wilson had failed to state facts upon which relief could be granted.

In her response to the motion to dismiss, Wilson contended that her action was based upon the "intentional tort" exception to the exclusive-remedy doctrine of the Arkansas Workers' Compensation Act, more particularly, Ark. Code Ann. § 11-9-105(a) (Repl. 1996). Wilson also filed a first amended complaint which added a claim of assault to the previous claims. Western Waste renewed its motion to dismiss, and reasserted that exclusive jurisdiction was with the Commission. The circuit court denied Western Waste's motions to dismiss, and Western Waste filed its petition for writ of prohibition in this court, stating the trial court has no jurisdiction to proceed on Wilson's tort claims since those claims were properly concluded before the Commission. We agree.

■ We first point out that, where the encroachment on Workers' Compensation jurisdiction is clear, we have not hesitated to hold writs of prohibition are clearly warranted. *Hill* v. *Patterson,* 313 Ark. 322, 855 S.W.2d 297 (1993). When considering a petition for a writ of prohibition, jurisdiction is tested on the pleadings, not the proof. *Nuco-Yamato Steel Co.* v. *Circuit Court,* 317 Ark. 493, 878 S.W.2d 745 (1994). In addition, this court has held that prohibition is only proper when the jurisdiction of the trial court depends on a legal rather than a factual question. *Id.*

■ We conclude that, because the issue in this case is one of law with no facts in dispute, Western Waste's resort to writ of prohibition is appropriate. This court has held that the general rule

is that an injured employee's right to recover for job-related injuries is exclusively under the Workers' Compensation Act, but when the employee is able to show actual, specific and deliberate intent by the employer to injure him, he may avoid the exclusive remedy under the Act and proceed in a common-law tort action. *Sontag* v. *Orbit Valve Co.*, 283 Ark. 191, 672 S.W.2d 50 (1984). In other words, the employee has the option to pursue his or her claim for damages either in tort or under the Workers' Compensation Act. However, once the employee makes that election, the employee may not later avail himself or herself of the remedy not chosen. *Id.*; *see also Heskitt* v. *Fisher Laundry & Cleaners, Inc.*, 217 Ark. 350, 230 S.W.2d 28 (1950).

In the present case, Wilson sought remedy under the Workers' Compensation Act, claiming her injuries resulted from exposure to toxic chemicals during the time of her employment with Western Waste. As mentioned earlier, she recovered $12,500.00, plus attorney's fees, and by agreement, the parties concluded that their settlement was a full, complete and final payment and discharge of Western Waste's liability to Wilson for any past or future injuries or medical expenses. Because of Wilson's decision to pursue her Workers' Compensation remedy, we hold that as a matter of law, she is precluded from pursuing any tort action for the same claim.

We note Wilson's argument that her Workers' Compensation claim was limited only to an injury she sustained as a result of a chemical exposure which occurred on April 17, 1993. She suggests that other exposures prior or subsequent to the April 17 claim were the bases for her tort action and, therefore, she should not be precluded from electing to pursue these "other injuries" in tort. We dismiss Wilson's argument because, as we pointed out earlier, in determining whether a trial court has jurisdiction in prohibition matters, this court is limited to the parties' pleadings. Here, in its motion to dismiss below, Western Waste asserted that Wilson's injuries from chemical exposure had been settled before the Commission, but Wilson never alleged in her complaint or in her response to Western Waste's motion that her so-called new claims were different from the one(s) resulting from the April 17, 1993 occurrence which was (were) settled by the parties on May 17, 1994. However, even if we were permitted to consider the parties' joint settlement agreement, which was not made a part of the

pleadings, that agreement bears broad language, reflecting complete and total payment of all benefits due in the present or future for *any injuries* to Wilson, and it provided Wilson could pursue no further claims in *any subsequent proceedings.*

Because we hold Wilson's prior filing of her claim under the Workers' Compensation Act was an election of remedies barring any subsequent common law remedy, we grant Western Waste's request for writ of prohibition.