Carolyn GOURLEY *v.* CROSSETT PUBLIC SCHOOLS, Max Pope, Barbara Gates, Barbara Cantley, David Barnes, Ben Walsh, Robert Cornelius, Bill Rogers, and Michael Simms; Individually and in Their Official Capacities as Former and Present Members of the Board of Directors of the Crossett Public Schools

97-974                                                        968 S.W.2d 56

Supreme Court of Arkansas
Opinion delivered May 7, 1998

*Roachell Law Firm*, by: *Richard W. Roachell*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Dan F. Bufford* and *Brian Allen Brown* and *Arnold, Hamilton & Streetman*, by: *Thomas S. Streetman*, for appellees.

RAY THORNTON, Justice. Appellant Carolyn Gourley appeals the grant of summary judgment in favor of appellees, who are the Crossett Public Schools and former and current members of the District's Board of Directors (the District). The trial court ruled that Ms. Gourley's claim for the intentional tort of outrage is barred by the doctrine of election of remedies because she had previously accepted benefits from the Workers' Compensation Commission. We agree and affirm.

At the time of her complaint for workers' compensation benefits, Ms. Gourley was a seventh grade mathematics teacher at Daniel Middle School in the Crossett Public School District. In 1989, the school installed a new heating and air conditioning system, damaging the roof in the process. As a result of the installa-

tion, leaks developed causing mold to grow in the school's classrooms. The mold aggravated Ms. Gourley's pre-existing allergies, which in turn, led to persistent sinus infections. In the ensuing years, she made numerous visits to her doctors and underwent several surgical procedures as a result of her allergy to mold and sinus complications.

Ms. Gourley filed a claim with the workers' compensation commission in January, 1993. After the administrative law judge ruled in her favor, the District appealed to the full Commission, which affirmed the decision in favor of Ms. Gourley in 1995. The District then appealed to the court of appeals, which concluded that Ms. Gourley's exposure to mold with resulting sinus difficulties was a compensable compensation claim. *See Crossett Sch. Dist. v. Gourley*, 50 Ark. App. 1, 889 S.W.2d 482 (1995). Ms. Gourley subsequently collected workers' compensation benefits.

Ms. Gourley filed the current suit against the District, arguing that the District acted with deliberate intent to cause her job-related injuries. In her November, 1995 amended complaint, Ms. Gourley asserted that this action falls within the intentional-tort exception to the exclusive-remedy provision of the Workers' Compensation Act. She claimed that the District's acts amounted to the tort of outrage when (1) Superintendent Barbara Gates, knowing of Ms. Gourley's delicate physical and emotional health, failed to correct the mold problem at Daniel Middle School; (2) Superintendent Gates transferred Ms. Gourley to Hastings Elementary School in retaliation for filing a workers' compensation claim; (3) Principal Daniel Barnes committed various acts of harassment, including telling Ms. Gourley that she could not use mold trays to support her workers' compensation claim and warned her not to talk to anyone about the mold problem at Daniel Middle School.

The District moved for summary judgment, contending that Ms. Gourley's claim was barred by the exclusive-remedy doctrine of the Workers' Compensation Act, and was further barred by the common-law election of remedies doctrine. Without reaching the issue of the tort of outrage, the trial court granted the District's motion as a matter of law, concluding that the doctrine of

election of remedies precludes a subsequent tort claim arising from the same set of facts.

We first mention Ms. Gourley's argument that the Worker's Compensation Act does not bar her tort of outrage claim against the District. Ms. Gourley contends that the District's acts and omissions were done intentionally to cause her personal injury, thereby coming within the exception to the workers' compensation exclusivity provision.

■ Generally, an employer who carries workers' compensation insurance is immune from liability for damages in a tort action brought by an injured employee. *Lively v. Libbey Memorial Physical Med. Ctr.*, 317 Ark. 5, 8, 875 S.W.2d 507, 509 (1994); *Thomas v. Valmac Indus., Inc.*, 306 Ark. 228, 230, 812 S.W.2d 673, 674 (1991). This rule, known as the exclusivity doctrine, arises from Ark. Code Ann. § 11-9-105 (Supp. 1996), which provides that "[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee . . . ."

■ Ms. Gourley relies on certain court-defined narrow exceptions to this general rule. We have noted several times that an employer who willfully and intentionally injures an employee is not immune from a common-law tort action. *See Hill v. Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993); *Thomas v. Valmac Indus., Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991) (citing *Heskett v. Fisher Laundry & Cleaners Co.*, 217 Ark. 350, 230 S.W.2d 28 (1950)).

We do not, however, need to reach the merits of Ms. Gourley's argument. The trial court was correct in ruling as a matter of law. Ms. Gourley's claim for the intentional tort of outrage is barred by the doctrine of election of remedies because she has previously pursued workers' compensation benefits to recovery for the same injuries.

In a similar case, we held that because the appellant recovered workers' compensation benefits, she was precluded from pursuing any tort action for the same claim. *Western Waste Indus. v. Purifoy*, 326 Ark. 256, 930 S.W.2d 348 (1996). In *Western Waste*, the

appellant alleged that, during her employment, she sustained injuries caused by exposure to chemicals. *Id.* She received workers' compensation benefits and, nine months later, filed a personal-injury suit against her employer. As in this case, the appellant alleged the intentional infliction of emotional distress, contending that her action was based on the intentional-tort exception to the exclusive-remedy doctrine. *Id.* at 258, 930 S.W.2d at 349.

■ In that case, we stated the general rule that an injured employee's right to recover for job-related injuries is exclusively under the Workers' Compensation Act, but when the employee is able to show actual, specific, and deliberate intent by the employer to injure him, he may avoid the exclusive remedy under the Act and proceed in a common-law tort action. *Western Waste*, 326 Ark. at 258-59, 930 S.W.2d at 350. We further stated that the employee has the option to pursue a claim for damages either in tort or under the Workers' Compensation Act. *Id.* at 259, 930 S.W.2d at 350. We noted that once the employee makes the election, the employee may no longer pursue the remedy not chosen. *Id.*

■ In the present case, the undisputed facts show that Ms. Gourley filed a workers' compensation claim based on the same injuries that she now contends the District caused with the specific intent to injure her. The court of appeals affirmed the finding by the Workers' Compensation Commission that there was a causal connection between Ms. Gourley's employment, the allergy, and her sinus difficulties. Because Ms. Gourley has recovered under her employer's workers' compensation plan, as a matter of law she is precluded from recovering again under an intentional-tort theory. Thus, the exception to the exclusive-remedy doctrine does not open the door to an additional recovery for the same injuries.

■ As a final matter, we summarily dispose of Ms. Gourley's argument that summary judgment was improper because an issue of fact exists regarding the element of intent in the tort of outrage. We have said that the purpose of summary judgment is not to try issues, but to determine if there are issues to be tried, and if doubt exists, summary judgment should not be granted. *Culpepper v. Smith*, 302 Ark. 558, 561, 792 S.W.2d 293, 294

(1990). Here, the trial court was correct in determining that there were no issues to be tried. In reaching its decision, the trial court could assume that Ms. Gourley's allegations were true to reach the same result. If true, Ms. Gourley's course of action would still be subject to the election of remedies doctrine. Because she chose to pursue workers' compensation benefits, she is precluded from coming to court now to recover again under tort theory.

Affirmed.

GLAZE, J., not participating.